UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RICK AND DEIDRA SANDERS et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 08-37-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Motorists Mutual Insurance Company's ("Motorists Mutual") motion both to bifurcate Plaintiffs Rick and Deidra Sanders' ("Sanders") contract and tort claims and to stay discovery of the tort claims pending resolution of the contract claim. [Record No. 3] The Sanders argue that granting the motion would be unduly prejudicial because the two claims are "inextricably intertwined." [Record No. 5] After considering both parties' arguments and the relevant authorities, the Court concludes that bifurcation is appropriate and discovery on the Sanders' tort claim should be stayed. Therefore, Motorists Mutual's motion will be granted.

**I.    BACKGROUND**

The Sanders contracted with Welch Builders, Inc. ("Welch") to have a home built in Shelby County, Kentucky. Upon Welch's completion of the house, the Sanders filed a complaint against it in the Shelby Circuit Court alleging breach of contract, breach of express warranty,

-1-

breach of implied warranty, negligence, and negligence *per se* for violation of Kentucky building codes. [Record No. 1, Part 2] The Sanders' claims were based on alleged major structural flaws, latent defects, and deficiencies with the home.

Welch is insured by Motorists Mutual under a commercial general liability insurance policy. Motorists Mutual provided a defense on behalf of Welch for the allegations made by the Sanders in the Shelby Circuit Court. The Sanders settled their claims against Welch and the following claims remained against Motorists Mutual: breach of contract, fraud, and unfair claims settlement practices by an insurance company arising under KRS 304.12-230 and common law. Specifically, the Sanders allege that Motorists Mutual, in accordance with the insurance policy issued to Welch, authorized Welch to make the following repairs to the Sanders' home in Shelby County: repairs to the external drain tile ($3,550.00); excavation and refill ($1,185.00); repairs to steps and landscaping ($4,999.50); and assessment of structural integrity ($2,008.00). The Sanders assert that Motorists Mutual is contractually obligated to pay for these repairs based on the theory that Motorists Mutual's actions toward the Sanders created a contract. By paying for these repairs, the Sanders argue that they relied upon and were harmed by Motorists Mutual's breach in failing to pay for the repairs itself. [Record No. 13]

The Sanders' tort claims stem from the same transaction. They allege that Motorists Mutual knew there was "no reasonable basis for denying" them payment and acted with reckless disregard for whether such a basis existed. [Record No. 13] The Sanders further allege that Motorists Mutual "assured" them of payment along with an engineering report, and that these assurances were false representations made knowingly. [Record No. 13] And finally, the

Sanders claim that Motorists Mutual has violated the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230, which requires certain good faith efforts on the part of insurance companies in settling claims on policies.

Based on these claims, Motorists Mutual filed a Notice of Removal from Shelby Circuit Court to this Court on July 10, 2008, and filed the present motion promptly thereafter. [Record No. 3]  Motorists Mutual argues that bifurcation is appropriate under Rule 42(b) of the Federal Rules of Civil Procedure in the interests of convenience and judicial economy.  Motorists Mutual also urges the Court to stay discovery on the contract claim for the same reasons.  The Sanders counter that the evidence for the contract and tort claims is so "inextricably intertwined" that bifurcation would prejudice the Sanders' interest. [Record No. 5]  Regardless of this Court's determination on the bifurcation issue, the Sanders also argue that the Court should not stay discovery on the tort claim.  Like the Defendants, the Plaintiffs defend their position with claims of convenience and judicial economy. [Record No. 5]

**II.     STANDARD OF REVIEW**

Rule 42(b) provides for separate trials in certain situations:

> Separate Trials.  The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

FED. R. CIV. P. 42(b).  The aim and purpose of Rule 42(b) is aptly summarized as follows:

> It is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties.  The piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course.  Thus, Rule 42(b) should be resorted to only as the

>result of the exercise of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule.

9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388 (2d ed. 2008).

The decision whether to bifurcate is within the discretion of the district court, and is dependent on the facts and circumstances of each case. *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). The decision whether to stay discovery is governed by the same principles of judicial economy and discretion. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).

### III.    ANALYSIS

The Sixth Circuit has examined bifurcation in the context of bad faith claims. In *Smith v. Allstate Ins. Co.*, 403 F.3d 401 (6th Cir. 2005), the Sixth Circuit upheld the district court's decision to bifurcate a bad faith claim from a contract claim, as well as to stay discovery on the bad faith claim pending resolution of the contract claim. *Id.* at 407. In *Penton Media, Inc. v. Affiliated FM Ins. Co.*, 245 Fed. App'x 495, 503 (6th Cir. 2007) (unpublished) the Sixth Circuit approved the district court's bifurcation of contract breach claim from bad faith claim. *Id.* In *American Trim, L.L.C. v. Oracle Corp.*, 383 F.3d 462, 474-475 (6th Cir. 2004), the Sixth Circuit upheld the district court's bifurcation of tort and contract claims, quoting the following district court language with approval: "[f]raud and breach of contract (and defenses related to the claim of breach of contract) are distinct claims: one relates to the contract's formation, while the other

relates to its performance, and fraud in a contract's formation can defeat its enforceability." *Id*.

Kentucky law also supports bifurcation under circumstances similar to those presented in this matter. In *Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993), the Kentucky Supreme Court held that the trial court erred in failing to bifurcate the trial of a negligence claim from a bad faith claim against the insurer. Here, the Sanders must prevail on the underlying contract claim in order to prevail on any of the tort claims arising from the same transaction. In other words, Motorists Mutual may not be held liable for breaching a contract in bad faith unless there has first been a breach of contract. In fact, a determination of the bad faith issue in conjunction with the contract issue may be prejudicial to Motorists Mutual; presenting both issues to a jury may unfairly bleed the evidence for one into the evidence for the other. In light of the relevant authorities and facts of the case, the Court concludes that bifurcation of the contract and tort claims promotes fairness and justice, as well as judicial economy.

Similarly, the Court finds that a stay of discovery regarding the Sanders' tort claims is also appropriate. If Motorists Mutual prevails on its contract claim at trial, there will be no basis for the Sanders to proceed on the remainder of the case. Of course, such an outcome would also eliminate the need for any discovery on the remaining claims. The Sanders argue that joint discovery "may expedite resolution of the entire matter by permitting the second trial, if it is necessary, to commence immediately after the first." [Record No. 5] The Court finds that it is logical to delay inquiry into or discovery of the bad faith issues until there is a reasonable certainty that discovery will be necessary. At that time, the parties, if necessary, will be allowed to pursue this discovery.

## IV.     CONCLUSION

Having reviewed both parties' submitted materials on this motion, the Court finds that bifurcation of the contract claim from the tort claims is necessary to avoid prejudice and, secondarily, to promote efficiency. Further, the Court concludes that a stay of discovery relating to the tort claims is appropriate in light of the necessity of bifurcation. Accordingly, it is hereby

**ORDERED** as follows:

The Defendant Motorists Mutual Insurance Company's motion to bifurcate and to stay discovery [Record No. 3] is **GRANTED**.

This 7th day of October, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge