UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RICK and DEIDRA SANDERS, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 08-37-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MOTORISTS MUTUAL INSURANCE CO., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant Motorists Mutual Insurance Co.'s Motion *In Limine*. [Record No. 54] Through this motion, the Defendant seeks to exclude certain testimony and proposed evidence from being offered by the Plaintiffs during the upcoming trial of this matter. Plaintiffs Rick and Deidra Sanders oppose the Defendants motion and contend that they should not be prohibited from offering much of the evidence that the Defendant seeks to exclude. [Record No. 58]

Having considered the parties' respective positions, the Court will grant the relief requested by the Defendant. The Court concludes that the subject evidence is neither material nor relevant to the issues to be decided by the jury. Further, in seeking to introduce and refer to the subject evidence, the Plaintiffs and their attorneys are improperly attempting to avoid previous orders and determinations.

-1-

I. **DISCUSSION**

A. <u>Exclusion of Testimony from Adams, Wilkerson, and Welch</u>

As outlined in the Order entered December 8, 2008, this Court has previously granted Defendant Motorist Mutual's motion to dismiss the Plaintiffs' claims based on the Defendant's refusal to produce a copy of the report of its non-testifying expert witness, Matt Adams.[1] [Record No. 25] Although the Plaintiffs have described this failure as "illegal conduct," [*See* Record No. 21] the Court has repeatedly rejected such arguments and attempts by the Plaintiffs to obtain and use the work product generated by Mr. Adams. In fact, to avoid any confusion, the Court clarified its rulings regarding this issue by stating that,

> [i]n the event the Court's earlier ruling was ambiguous in any way, it will be clarified as follows: The Defendant is not required to produce the subject report [of Matt Adams] in discovery to the Plaintiffs. Further, all claims and causes of action asserted by the Plaintiffs against the Defendant based directly or indirectly upon the failure and/or refusal to produce the report of Scott Moore are dismissed.

[Record No. 25]

According to Motorist Mutual, the Plaintiffs have listed Adams as a witness who is expected to testify regarding the problems relating to their home and communications he had with Motorist Mutual related to these problems. It seeks to exclude such testimony under Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure. Citing Rule 503(b)(4) of the Kentucky Rules of Evidence, Rule 501 of the Federal Rules of Evidence, and *Newsome v. Lowe*, 699 S.W.2d 748, 752 (Ky. App. 1985) (recognizing the privilege which applies to the reports of

---

[1] Matt Adams is an engineer employed by Donan Engineering. Adams was hired by Motorist Mutual's insured, Welch Builders, Inc., as a consulting expert. The Plaintiffs originally asserted that Motorist Mutual had committed fraud by failing to produce a copy of Adam's report regarding his investigation of the Plaintiffs' home following claims of faulty construction.

consultants hired pre-litigation to consult and provide evaluation of claims), they contend that, because pre-litigation consultative evaluations are confidential and cannot be disclosed as work product, to allow testimony from witnesses providing such evaluations should not be permitted.

The Defendant also seeks to exclude the testimony of David Wilkerson regarding conversations he had with Adams. Again, they assert that such testimony is irrelevant and immaterial to the claimed breach of contract with Motorist Mutual. They note that the issue to be presented to the jury is whether there was a separate, independent contract between Motorist Mutual and the Plaintiffs regarding six specific invoices. Additionally, they seek to exclude the testimony of Scott Welch of Welch Builders regarding issues of negligent construction of the Plaintiffs' home.[2]

> B. The Plaintiffs' Proposed Expert Witnesses (Subram, Duffy and McMahon)

According to Motorist Mutual, the Plaintiffs have listed three expert witnesses for trial. However, it contends that the Plaintiffs have failed to comply with Rule 26 regarding these witnesses. More specifically, the assert that the Sanders have "failed to make the required disclosure of these expert witnesses and [have failed to comply with] the requirements pursuant to the Federal Rules of Civil Procedure of expert witnesses who are to testify at trial. Further, they assert that the expected testimony of these witnesses (*i.e.*, testimony regarding defective construction of their residence) is irrelevant to the breach of contract issue to be presented to the jury.

---

[2]     The Plaintiffs previously settled their negligence claims with Welch Builders.

The Plaintiffs do not contend that they complied with Rule 26 regarding expert witness disclosures. Instead, they argue that these witnesses are factual witnesses "concerning the details of the interaction of the Plaintiff and the Defendant and the substance of the parties['] agreement." They further state that, "[e]ach of these witnesses will have valid, factual testimony concerning their interaction with the Plaintiff[s] and Defendant that could ultimately prove important in allowing the Plaintiff[s] to prove to the jury in this action that the Defendant made certain promises to the Plaintiff[s] and that they acted fraudulently in their dealings with the Plaintiffs."

In responding to the Defendant's motion, the Plaintiffs again fail to recognize that their claim of fraud and corresponding request for punitive damages is based upon Count IV of their Third Amended Complaint. [Record No. 13] Through this claim, the Plaintiffs contended that Motorist Mutual had engaged in fraudulent conduct by failing to produce copies of the reports of Matt Adams. The Defendant subsequently moved the Court to dismiss this claim. [Record No. 17] That motion was granted on October 22, 2008. [Record No. 20] And while the Plaintiffs sought to have the Court alter its decision [Record No. 21], that attempt was unsuccessful. [Record No. 25] Therefore, no claims of fraud will be presented to the jury during the upcoming trial. Further, because the Court has bifurcated Count III (Breach of Duty of Good Faith claim) and stayed discovery on this claim [*See* Record No. 18], only two contract claims will be submitted for trial: Count I (Breach of Contract) and Count II (Failure to Perform and/or Delay in Performing Under Policy claim). The Plaintiffs attempts to avoid and/or ignore this Court's earlier determinations on these issues will not be allowed.

### C. Miscellaneous Issues

The Defendant also seeks to exclude from trial proposed evidence, testimony, references and comments concerning: (1) the bad faith and unfair practice claims based on the Court's previous orders; (2) whether the work and services defined in the six invoices in issue were reasonable and necessary, as opposed to unreasonable and excessive[3]; (3) the Defendant's motion *in limine* or any ruling on the motion; and (4) attacks on insurance companies.

In most cases, the Court would expect parties and their counsel to avoid such subjects. However, in the present case, it has become apparent that the Plaintiffs and their attorney may ignore earlier rulings and orders in an effort to present immaterial, irrelevant, and prejudicial matter to the jury. To avoid the prejudice which would result from such actions, the Court will grant the relief requested by the Defendant with respect to these issues.

### II. CONCLUSION

It is clear that the Plaintiffs are attempting to avoid this Court's prior rulings through the evidence they seek to offer at trial. As a result, the Court finds it necessary to specifically prohibit the Plaintiffs and their counsel from commenting upon, referring to, and attempting to present testimony and evidence to the jury regarding matters that are either irrelevant or immaterial to the limited issues to be presented to the jury. Accordingly, it is hereby

**ORDERED** as follows:

1. The Defendant's motion *in limine* [Record No. 54] is **GRANTED**.

---

[3] As to this issue, the Plaintiffs argue that the Defendant's objection should be raised at trial rather than through a pre-trial motion *in limine*.

2. The Plaintiffs and their counsel are prohibited from calling Matt Adams as a witness during the trial of this matter. Further, the Plaintiffs and their counsel are prohibited from referring to, questioning, or offering evidence during trial that Defendant Motorist Mutual instructed Matt Adams to limit the scope of his inspection of the Plaintiffs' residence. The Plaintiffs and their counsel are also prohibited from referring to or providing testimony that Matt Adams or Motorist Mutual would provide them with a copy of Adams' report regarding the investigation of the Plaintiffs' residence and/or structural problems regarding their residence.

3. The Plaintiffs and their counsel are prohibited from calling David Wilkerson as a witness to testify regarding conversations with Matt Adams.

4. The Plaintiffs and their counsel are prohibited from calling Scott Welch to testify regarding specific issues of negligent construction of the Plaintiffs' residence.

5. The Plaintiffs and their counsel are prohibited from calling Cella Subram, Peggy Hagerty Duffy and Arlis McMhon as expert witnesses during the trial of this matter.

6. The Plaintiffs and their counsel are prohibited from making reference to, or offering evidence concerning, any bad faith or unfair settlement claims asserted against Defendant Motorist Mutual.

7. The Plaintiffs and their counsel are prohibited from questioning adjusters for Defendant Motorist Mutual regarding whether the work and services defined in the six invoices in issue were reasonable and necessary or unreasonable and excessive.

8.  The Defendant's objections to the deposition testimony of Scott Moore (pages 21.7 - 22.10 and 29.7 - 29.23) are **SUSTAINED**.  The subject questions and answers may not be presented to the jury during trial.

9.  Counsel for the Plaintiffs shall inform all witnesses to be called during trial regarding the limits of their testimony as outlined above.

This 1st day of October, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge