UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| RICK and DEIDRA SANDERS, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 3: 08-37-DCR |
| | ) |
| V. | ) |
| | ) |
| MOTORISTS MUTUAL INSURANCE CO., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| | ) |
| Defendant. | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiffs Rick and Deidra Sanders have filed a motion to alter, amend, or vacate the Court's judgment entered on July 16, 2010, in favor of Defendant Motorists Mutual Insurance Co. ("Motorists Mutual"). [Record No. 77] They argue that the Court erred in granting judgment as a matter of law on their breach of contract claim against Motorists Mutual. For the reasons explained below, the plaintiffs' motion will be denied.

**I.  BACKGROUND**

The plaintiffs contracted with Welch Builders, Inc. ("Welch") to have a home built in Shelby County, Kentucky. After construction was complete, the plaintiffs discovered major structural flaws, latent defects, and deficiencies in the house. They filed a complaint against Welch in Shelby Circuit Court alleging breach of contract, breach of express warranty, breach of implied warranty, negligence, and negligence *per se* for violation of Kentucky building codes. [Record No. 1-2] The plaintiffs later amended their complaint to add Motorists Mutual as a defendant. [Record No. 1-3]

-1-

Welch was insured by Motorists Mutual under a commercial general liability insurance policy. Motorists Mutual provided a defense on behalf of Welch for the allegations made by the plaintiffs in the Shelby Circuit Court action. The plaintiffs reached a settlement agreement with Welch, and the claims against Welch were dismissed in July of 2008. The claims against Motorists Mutual remained. The plaintiffs alleged breach of contract, fraud, and unfair claims settlement practices by Motorists Mutual. Only the contract claim is at issue here.

As grounds for their claim of breach of contract, the plaintiffs alleged that Motorists Mutual, in accordance with the insurance policy issued to Welch, authorized various repairs to the defective home. According to the plaintiffs, Motorists Mutual was obligated to pay for these repairs because its actions toward the plaintiffs created a contract between the parties. Motorists Mutual breached this contract, the plaintiffs asserted, when it failed to pay for certain repairs.

A trial was held July 14-15, 2010, on the plaintiffs' breach of contract claim.[1] At the close of the plaintiffs' case-in-chief, Motorists Mutual moved for judgment as a matter of law, arguing that the plaintiffs had not proved a meeting of the minds between the parties and that there was no consideration given by the plaintiffs in exchange for Motorists Mutual's alleged promise to pay for the repairs to the plaintiffs' home. The Court reserved ruling on the motion. The case went to the jury, which found Motorists Mutual liable for one of the six invoices at issue (the "S-2 invoice").

After the verdict was returned, the Court granted Motorists Mutual's motion, concluding that the plaintiffs had not proved the existence of the alleged oral contract by clear and

---

[1] The contract and tort claims were bifurcated by Memorandum Opinion and Order dated October 7, 2008. [Record No. 18]

convincing evidence. The Court adopted the arguments made by Motorists Mutual in support of its motion, namely, that the evidence did not show a meeting of the minds or that any consideration was given by the plaintiffs. The Court further found that, at all relevant times during its dealings with the plaintiffs, Motorists Mutual was acting as the agent of its insured, Welch, and that any contract action would therefore lie against Welch, not Motorists Mutual. The Court thus set aside the jury's verdict with respect to the S-2 invoice and entered judgment as a matter of law in favor of Motorists Mutual on Count 1 of the plaintiffs' Third Amended Complaint.[2] [Record No. 73] The plaintiffs now ask the Court to set aside that judgment.

## II. ANALYSIS

The plaintiffs challenge the judgment on three grounds. First, they contend that the Court erroneously found a lack of consideration to support the alleged oral contract. Second, the plaintiffs argue that although Motorists Mutual was acting as the agent of Welch, it could still be bound under the alleged contract. Finally, they assert that the Court erred by defining the heightened standard of proof in its instructions to the jury. Each argument will be addressed in turn.

### A. Consideration

The plaintiffs presented no evidence of any consideration given by them in exchange for Motorists Mutual's alleged promise to pay the costs of repairs to their home. None. When this point was raised during argument of Motorists Mutual's Rule 50 motion, counsel for the

---

[2]The Court also entered judgment in favor of Motorists Mutual on Count 2 of the Third Amended Complaint, which alleged that the plaintiffs were entitled to coverage under Welch's policy, based on the plaintiffs' voluntary dismissal of that claim immediately prior to trial. [Record No. 73]

plaintiffs asserted that the consideration was the plaintiffs' forbearance of their right to sue Welch. Counsel also implied that Motorists Mutual's obligation to settle claims in good faith somehow created a basis for consideration, *i.e.*, that by refraining from filing a bad-faith claim against Motorists Mutual, the plaintiffs had given up something of value. The plaintiffs appear to conflate these two arguments in their present motion.[3] Alone or in combination, however, their contentions are unavailing.

It is true that forbearance of a right to sue can constitute valid consideration. *Alvey v. Union Invest., Inc.*, 697 S.W.2d 145, 148 (Ky. App. 1985). However, to the extent Motorists Mutual might have agreed to pay the invoices in exchange for the plaintiffs' promise to refrain from suing Welch, as the plaintiffs contend, that consideration would have ceased to be valid on September 19, 2006, when the plaintiffs filed suit against Welch in Shelby Circuit Court. The S-2 invoice is dated October 13, 2006, and covers services performed both before and after the Shelby County action against Welch was filed. [*See* Record No. 40-4]

In any event, the plaintiffs presented no evidence whatsoever to suggest that Motorists Mutual agreed to pay the S-2 invoice in the interest of forestalling litigation against their insured. The testimony quoted in the plaintiffs' motion contains no suggestion that the plaintiffs intended to refrain from suing Welch in exchange for Motorists Mutual's payment of the invoice, much less that Motorists Mutual was aware of any such promise. Instead, the plaintiffs apparently expect the Court to assume that such an agreement was implied. In short, the plaintiffs cannot

---

[3]The plaintiffs simply assert that as consideration, they "were forebearing [sic] their right to sue." [Record No. 77, p. 7] They then proceed to discuss the effect of litigation against an insured on the insurer's obligation to settle claims in good faith. [*Id.*]

point to any clear and convincing evidence from which the Court, or a reasonable juror, could conclude that consideration existed on their end of the alleged bargain.

Moreover, forbearance of the right to sue can serve as valid consideration only where a valid claim might exist. *See, e.g.*, *Cook v. Cook*, 299 S.W.2d 261, 264 (Ky. 1957) (citing *Sellars v. Jones*, 175 S.W. 1002 (Ky. 1915)); *Forsythe v. Rexroat*, 27 S.W.2d 695, 967 (Ky. 1929). The threat of a lawsuit cannot provide consideration if the putative plaintiff has no ground for a cause of action. *See Forsythe*, 27 S.W.2d at 397. A party who "gives up" his right to sue when he has no legitimate claim in the first place has not lost anything and thus has given no consideration. *See id.* Here, the plaintiffs essentially contend that they promised not to assert a bad-faith claim against Motorists Mutual so long as Motorists Mutual paid the invoices they submitted.[4] However, if Motorists Mutual was dealing with the plaintiffs in good faith, as it presumably was when it paid for previous repairs, the plaintiffs had no cause of action to relinquish.[5]

In sum, there was simply no evidence presented at trial to show, or even suggest, that the plaintiffs gave anything of value in exchange for Motorists Mutual's alleged promise to pay the S-2 invoice. It should be apparent that consideration is an essential element of a valid contract. Without proving that they gave some form of consideration, the plaintiffs could not prevail on

---

[4]It is clear that this would have been the extent of the alleged promise, since the plaintiffs did in fact assert bad-faith claims against Motorists Mutual once it ceased paying for repairs.

[5]The plaintiffs' reliance on the bad-faith statute as a basis for consideration is deeply flawed for yet another reason. If simply not filing suit against an insurance company constitutes valid consideration, then arguably every third-party claim submitted to an insurer with the expectation of payment would give rise to a contractual relationship so long as the third-party claimant did not institute a bad-faith action.

their breach of contract claim. Therefore, the Court's entry of judgment as a matter of law was, and remains, proper.

## B. Principal–Agent Relationship

Although the lack of consideration alone was enough to defeat the plaintiffs' contract claim, the Court also noted that Motorists Mutual, in its dealings with the plaintiffs, was acting on behalf of Welch, its insured. As a result, under the law of agency, any alleged agreement entered into by Motorists Mutual, the agent, would bind not Motorists Mutual but Welch, the disclosed principal. *See Potter v. Chaney*, 290 S.W.2d 44, 46 (Ky. 1956).

The plaintiffs cite *Hill v. Thomas*, 462 S.W.2d 922 (Ky. 1970), for the proposition that "if a personal representative makes an executive contract on a new and independent consideration, it is the agent[']s personal obligation and the agent will be bound thereby even though the debt was incurred for the benefit of the principal." [Record No. 77, pp. 8-9] However, as Motorists Mutual observes in its response, the utter lack of evidence as to consideration of any sort renders the applicability of this exception moot. [*See* Record No. 81, p. 5]

## C. Jury Instruction Regarding Standard of Proof

Finally, the plaintiffs contend that the Court erred in defining the applicable standard of proof in its instructions to the jury.[6] This argument is without merit. The plaintiffs assert that in *Hardin v. Savageau*, 906 S.W.2d 356 (Ky. 1995), the Kentucky Supreme Court found that it

---

[6]Under Kentucky law, a plaintiff must prove the existence of an alleged oral contract by clear and convincing evidence. *Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006). The plaintiffs suggest that clear and convincing evidence is not the correct standard [*see* Record No. 77, p. 4], but they cite no authority to support such a contention.

was "improper for the [c]ourt to instruct the jury on the definition of 'clear and convincing.'"[7] [Record No. 77, p. 8] In fact, the *Hardin* court held that it was *not* erroneous for the trial court to have instructed the jury as to the "clear and convincing" standard, reversing the lower appellate court's decision to the contrary. *See id.* at 358-59. The court emphasized that "when the evidentiary standard is something greater than preponderance, it is necessary to expressly state the standard in order to assure an appropriately informed jury." *Id.* at 359.

In this case, the Court did just that. The Court identified and defined the heightened evidentiary standard using the Kentucky Supreme Court's own language: clear and convincing evidence is "evidence substantially more persuasive than a preponderance of evidence, but not beyond a reasonable doubt." *Fitch v. Burns*, 782 S.W.2d 618, 622 (Ky. 1989). Although there is some dicta in *Hardin*, as well as in *Fitch*, that indicates it may not be necessary to define "clear and convincing evidence" for the jury, the plaintiffs' contention that such an instruction was somehow prohibited by state law is incorrect.[8]

---

[7]The plaintiffs also quote the *Hardin* court's admonition that because "the phrase 'by clear and convincing evidence' . . . is neither arcane, esoteric nor obscure and jurors will have no difficulty understanding its meaning[,] . . . counsel should refrain from attempting to define it." 906 S.W.2d at 359. The court was merely reaffirming its decision in a previous case that counsel should not be allowed to argue competing definitions of reasonable doubt. *See id.* (discussing *Commonwealth v. Callahan*, 675 S.W.2d 391 (Ky. 1984)). That portion of the *Hardin* opinion is irrelevant to determining the propriety of the Court's instructions to the jury.

[8]While state law governs the content of the jury instructions in a diversity case, the propriety of the instructions is determined under federal law. *King v. Ford Motor Co.*, 209 F.3d 886, 897 (6th Cir. 2000). The Court "ha[s] broad discretion in framing jury instructions." *Id.* Thus, the Court is free "to instruct the jury in any manner it deemed appropriate, as long as it correctly stated Kentucky's substantive law, instructed on the issues relevant to the case at hand, and did not mislead the jury." *Id.* As explained above, the plaintiffs have not shown that the Court misstated Kentucky law when instructing the jury.

## III. CONCLUSION

The plaintiffs have shown no reason that the Court's judgment should be set aside. Accordingly, it is hereby

**ORDERED** that the plaintiffs' Motion to Alter, Amend, or Vacate This Court[']s Judgment and Ruling Pursuant to FRCP 50 [Record No. 77] is **DENIED**.

This 14th day of September, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge