UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| RICK and DEIDRA SANDERS, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 3: 08-37-DCR |
| ) | |
| V. ) | |
| ) | |
| MOTORISTS MUTUAL INSURANCE ) | **MEMORANDUM OPINION** |
| CO., ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Motorists Mutual Insurance Company has filed a motion for summary judgment on the remaining claim in this action. [Record No. 86] According to Motorists Mutual, there is no genuine issue of material fact regarding the bad-faith claim alleged by Plaintiffs Rick and Deidra Sanders in Count III of their Third Amended Complaint. For the reasons discussed below, the Court will grant Motorists Mutual's motion.

**I.     BACKGROUND**

The plaintiffs purchased a home in Shelby County, Kentucky, constructed by Welch Builders, Inc. ("Welch"). There were a number of construction-related problems with the home. As a result, the plaintiffs sued Welch in Shelby Circuit Court, alleging breach of contract, breach of express warranty, breach of implied warranty, negligence, and negligence *per se* for violation of Kentucky building codes. [Record No. 1-2] The plaintiffs later amended their complaint to add Motorists Mutual as a defendant. [Record No. 1-3]

-1-

Welch was insured by Motorists Mutual under a commercial general liability insurance policy. Motorists Mutual provided a defense on behalf of Welch for the allegations made by the plaintiffs in the Shelby Circuit Court action. The plaintiffs reached a settlement agreement with Welch, and their claims against Welch were dismissed on July 2, 2008. However, the claims against Motorists Mutual remained. On July 10, 2008, Motorists Mutual removed the action to this Court. [*See* Record No. 1]

In their Third Amended Complaint, the plaintiffs alleged that Motorists Mutual was liable for breach of contract, failure to perform and/or delay in performing under an insurance policy, unfair claims settlement practices, and fraud. The fraud count was dismissed on October 22, 2008. [Record No. 20] And immediately prior to trial, the plaintiffs voluntarily dismissed Count II, the failure-to-perform claim. [*See* Record No. 73] Thus, only the breach-of-contract and bad-faith claims are relevant for present purposes.

As grounds for their breach-of-contract claim, the plaintiffs asserted that Motorists Mutual authorized and promised to pay for certain repairs to the defective home. The Complaint set forth those repairs as follows: "repairs to the external drain tile," "excavation and refill," "assessment and design of a remedy for [an] I-beam," and landscaping. [Record No. 13, p. 5-6, ¶¶ 30-31] According to the plaintiffs, Motorists Mutual created a contract between the parties by agreeing to pay for the repairs, then breached that contract by refusing to pay after being presented with invoices for the work that had been done. [*See id.*, p. 5-7 ¶¶ 30-37]

On Motorists Mutual's motion, the plaintiffs' contract and tort claims were bifurcated for purposes of trial. [Record No. 18, p. 5-6] The Court also granted Motorists Mutual's motion

to stay discovery with respect to the plaintiffs' tort claims until the contract issue was resolved. [*Id.*] In its decision, the Court noted that the plaintiffs "must prevail on the underlying contract claim in order to prevail on any of the tort claims arising from the same transaction." [*Id.*, p. 5] Further, the Court observed that if Motorists Mutual prevailed at trial on the contract claims, "there [would] be no basis for the Sanders to proceed on the remainder of the case." [*Id.*]

Motorists Mutual ultimately did prevail on the contract claims, which were tried to a jury in July 2010. The jury found Motorists Mutual liable for one of the six invoices at issue. [*See* Record No. 70] However, the Court concluded that a reasonable jury could not find the existence of a contract by clear and convincing evidence. The Court, therefore, granted Motorists Mutual's motion for judgment as a matter of law and set aside the jury's verdict with respect to that invoice. [Record No. 69] Judgment was entered in favor of Motorists Mutual on Count 1 of the plaintiffs' Third Amended Complaint (i.e., the breach-of-contract claim).[1] [*See* Record No. 73] Motorists Mutual now seeks summary judgment on the plaintiffs' only remaining claim – Count III of the Third Amended Complaint – which alleges bad faith under common law and in violation of the Kentucky Unfair Claims Settlement Practices Act (UCSPA), Kentucky Revised Statutes (KRS) 304.12-230. [*See* Record No. 13, p. 7-8, ¶¶ 41-48]

## II. ANALYSIS

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] The Court also entered judgment in favor of Motorists Mutual on Count 2 of the Third Amended Complaint, which alleged that the plaintiffs were entitled to coverage under Welch's policy, based on the plaintiffs' voluntary dismissal of that claim immediately prior to trial. [Record No. 73]

judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1). To survive summary judgment, the nonmoving party must establish the existence of a genuine issue of material fact as to each essential element of its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

At the outset, the Court may quickly dispose of the plaintiffs' common law claims, since "[i]t is settled law in Kentucky that insurers do not have any common-law duty of good faith to third-party claimants." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 531 (6th Cir. 2006). This leaves the plaintiffs' UCSPA claims. The Kentucky Supreme Court has adopted a three-part test that must be met by an insured or third-party claimant who seeks to recover for an insurer's alleged bad-faith refusal to pay a claim under the UCSPA:

> (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. . . . An insurer is . . . entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts.

*Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (quoting *Federal Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 846-47 (Ky. 1986) (Leibson, J., dissenting) (omission in original)). The *Wittmer* test is based on an earlier holding by the Kentucky Court of Appeals "that a cause of action for bad faith arises out of a breach of contract 'so great that it would constitute tortious conduct on the part of the insurance company.'" *Davidson v. Am. Freight Ways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) (quoting *Feathers v. State Farm Fire & Cas. Co.*, 667 S.W.2d 693, 696 (Ky. App. 1983)). As the *Davidson* court further explained:

> The gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is contractually obligated to pay. Absent a

contractual obligation, there simply is no bad faith cause of action, either at common law or by statute.

*Id.* In other words, an insurer cannot be held liable for bad faith with respect to a claim it had no contractual obligation to pay. *See id.* Thus, the existence of a contract (and breach of that contract) is a prerequisite to a statutory bad-faith claim.

*Davidson* would seem to resolve the present motion, since the plaintiffs failed to establish the existence of a contractual relationship at trial. Nevertheless, they argue that *Davidson* is not fatal to their bad-faith claims because Motorists Mutual did have a contractual obligation — to its insured, Welch Builders. [*See* Record No. 87, p. 7] The plaintiffs protest that there are "other facts, separate and apart from [the] breach of contract claim," to support their claims of bad faith. [Record No. 87, p. 3] According to the plaintiffs, these "other facts" establish violations of KRS §§ 304.12-230(5), (6), and (7) that occurred before they filed suit against Welch. [*See id.*, p. 3] However, the Third Amended Complaint made no mention of § 304.12-230(5), which imposes liability for an insurer's "fail[ure] to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed" and the plaintiffs cannot raise it for the first time now.[2] Furthermore, § 304.12-230(7) prohibits the practice of "[c]ompelling *insureds* to institute litigation to recover amounts due under an insurance policy by offering substantially

---

2   In any event, as noted by Motorists Mutual, subsection (5) would logically apply only to insureds, not third-party claimants. [*See* Record No. 90, p. 5-6 (citing *City of Burlington v. Hartford Steam Boiler Inspection & Ins. Co.*, 190 F. Supp. 2d 663, 682 (D. Vt. 2002) ("[C]ourts regularly find that an insurer must reply seasonably to an insured's notice of claim letter so that the insured does not lose an opportunity to conduct her own investigation, settle the claim, file her own lawsuit, or otherwise protect her interests."); *St. Paul Fire & Marine Ins. Co. v. Children's Hosp. Nat'l Med. Ctr.*, 670 F. Supp. 393, 402 (D.D.C. 1987) ("[W]hen the insured tenders the defense of the claim to the carrier, the carrier must either accept the defense and admit coverage, disclaim coverage, or conduct the defense subject to a reservation of rights. Notably, it is the duty to defend that gives rise to the duty to disclaim coverage or reserve rights at the time the defense is accepted.")]

less than the amounts ultimately recovered in actions brought by such *insureds*." KRS § 304.12-230(7) (emphasis added). By its own terms, that provision does not apply in this case because the plaintiffs are not the insureds, but third-party claimants. *See id.*

The only possible basis for the plaintiffs' UCSPA claims is § 304.12-230(6), which provides that it is an unfair claims settlement practice for an insurer to "not attempt[] in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." *Id.* According to the Kentucky Supreme Court, "[this] statute only requires that an insurer make a good faith attempt to settle any claim, for which liability is beyond dispute, for a reasonable amount." *Coomer v. Phelps*, 172 S.W.3d 389, 395 (Ky. 2005). In addition, to violate the UCSPA, an insurer's actions must have been "outrageous, because of an evil motive or reckless indifference to [the plaintiff's] rights." *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452 (Ky. 1997).

The plaintiffs argue that Motorists Mutual violated § 304.12-230(6) by delaying settlement of their claim against Welch. [*See* Record No. 87, p. 7] They contend that Motorists Mutual "had in its possession knowledge that there were substantial problems with the Sanders' home which w[ere] going to require a substantial amount of money to repair, and yet it refused to negotiate a timely and good-faith settlement with the Sanders, ultimately requiring them to file suit." [*Id.*] As explained above, the fact that the plaintiffs were "forced" to sue Welch does not itself give rise to a claim under the UCSPA. *See* KRS § 304.12-230(7). [Record No. 87, p. 4] Thus, the question boils down to whether Motorists Mutual acted in bad faith by not settling the plaintiffs' claim prior to September 19, 2006, the date they filed suit against Welch.

The "knowledge" to which the plaintiffs refer is the report of Matt Adams, a representative of Donan Engineering, who was hired by Motorists Mutual to inspect the plaintiffs' home in April 2006.[3] [*See* Record No. 13, p. 3 ¶¶ 13-14] The plaintiffs apparently believe that the contents of the Adams report will demonstrate that Motorists Mutual's liability was clear as early as April 20, 2006, when Adams allegedly informed the plaintiffs that he had sent his report to Motorists Mutual. [*See* Record No. 13, p. 4 ¶ 16] However, Motorists Mutual provides ample evidence that liability was not "beyond dispute" at that time. *Coomer*, 172 S.W.3d at 395. Rather, there were a number of debatable issues, both factual and legal, surrounding the claim. *See Wittmer*, 864 S.W.2d at 890 ("An insurer is . . . entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts.").

First, other experts who inspected the house concluded that a number of the problems were "not the responsibility of any defendant." [Record No. 90, p. 8 (quoting the report of forensic engineer James Skees, an expert witness disclosed by Welch in the Shelby County action)] Additionally, there were unresolved legal issues concerning Welch's liability to the plaintiffs. In fact, a number of their claims against Welch were dismissed by the Shelby Circuit Court on summary judgment. [*See* Record No. 90-5 (Opinion and Order of Shelby Circuit Court granting in part Welch's motion for summary judgment)] Finally, not all of the plaintiffs' claims were even covered under Welch's policy. [*See* Record Nos. 90-6 (Sept. 28, 2006 letter from

---

3   The Court previously granted Motorists Mutual's motion to dismiss any and all claims relating to its failure to provide the plaintiffs with copies of Adams' report. [*See* Record No. 20] The plaintiffs acknowledge the Court's ruling on this issue but maintain that the contents of the reports are nevertheless "discoverable and relevant to whether Motorists violated the Unfair Claims Settlement Practices Act and was acting in bad faith." [Record No. 87, p. 5]

Motorists Mutual to Welch advising of certain claims specifically excluded under the policy), 90-7 (Jan. 31, 2008 letter from Motorists Mutual to Welch detailing exclusions in policy as pertained to the Shelby Circuit action)]

In short, the existence of a single report indicating that there were problems with the plaintiffs' home is not sufficient to establish that liability for the insurance claim was "beyond dispute." *Coomer*, 172 S.W.3d at 395. Moreover, because the claim was "debatable on the law or the facts," Motorists Mutual was entitled to challenge it. *Wittmer*, 864 S.W.2d at 890. The plaintiffs therefore cannot demonstrate that Motorists Mutual "knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." *Id.*

### III. CONCLUSION

No genuine issue of material fact remains with respect to the plaintiffs' bad-faith claim. Further, under the facts presented, the defendant is entitled to judgment as a matter of law. Accordingly, it is hereby

**ORDERED** that Defendant Motorists Mutual's Motion for Summary Judgment [Record No. 86] is **GRANTED**. A separate Judgment will be entered this date in favor of Defendant Motorists Mutual Insurance Company.

This 21st day of January, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge